Common Pleas Court of Cuyahoga County.

CARL F. BROWN V. THE STATE OF OHIO.

Decided May 29, 1933.

*William F. Hennessey,* for plaintiff in error.
*Melville W. Vickery,* for defendant in error.

HARRIS, J.

On Feb. 13, 1933, the plaintiff in error was arrested upon a warrant issued by M. J. Penty, Justice of the Peace of Warrensville township, this county, on a charge of unlawfully practicing or offering to practice dentistry at 319 Prospect ave., in the city of Cleveland, under the name of the New Method Dental Parlor, and not under his name only.

On March 9, 1933, he was tried and found guilty and fined $100.00 and costs. He thereupon filed a petition in error in this court and a bill of exceptions.

I have carefully examined the brief of the plaintiff in error and read the authorities it cites, but am, nevertheless, of the opinion that the undisputed evidence in the case discloses a violation by the plaintiff in error of the provisions of Section 1329-1 of the General Code, which reads in part as follows: "It shall be unlawful for any person or persons to practice or offer to practice dentistry or dental surgery, under the name of any company, association, or corporation, and any person or persons practicing or offering to practice dentistry or dental surgery shall do so under his name *only*."

I do not agree with the views expressed by Judge Nippert in *Ex parte Craycroft*, decided March 12, 1916, and published in 24 N. P. (N.S.) page 513 and do heartily concur with the views expressed by Judge McMahon of this court in the case of *Taylor et al* v. *The New System Prosthetic Dental Laboratory, Inc., et al.*, 29 N. P. (N.S.) 451.

It seems quite clear to me that the word "only" contained in the foregoing section of the General Code means something. To my mind it means that a dentist may only offer himself to the public as a practitioner of dentistry under his genuine name. In this case it is perfectly evident that Dr. Brown offered himself as a practitioner of dentistry under the name of The New Method Dental Parlor and also under his own name. Consequently he violated the statute.

The plain purpose of the statute was to require dentists, who see fit to advertise themselves in any manner, to do so in their individual capacity and not under a trade name. Obviously, if the public seeking den-

tal services can be invited into a dental parlor called The New Method Dental Parlor, which today Dr. Carl F. Brown is operating, but next month another dentist may be operating and the following month still another, patients would be likely to be misled, possibly, indeed probably, to their injury.

Dentistry is a learned profession, so recognized by our General Assembly, our courts and the people at large. Therefore it is perfectly proper for a legislature to impose a restriction such as contained in Section 1329-1, and it is incumbent upon all dentists to conform thereto.

It is claimed further that the justice has no jurisdiction to try this case. However, Section 13422-3 of the General Code reads in part as follows: "Magistrates shall have jurisdiction within their respective counties in all cases of violation of any law relating to: 16—the violation of any law in relation to the practice of medicine or surgery or any of its branches. A dentist is a doctor of dental surgery. The practice of dentistry is without doubt embraced in this section of the General Code.

Section 13424-1, General Code, provides for prosecution before a magistrate (justice of the peace, Section 13422-1, General Code) when imprisonment is a part of the punishment, and fixes the method of arranging for a jury trial. However it is to be noted that under Section 1329-1, the only penalty which may be imposed by the trial court is that of a fine.

In my opinion under the established law, which I do not believe the new criminal code disturbs so far as this case is concerned, the justice had jurisdiction to try the case and assess the penalty. The other errors complained of were none of them of any consequence or importance whatever.

For the foregoing reasons the decision of the justice is affirmed.